UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

In re:

Edward O'Neal Yoder,

        Debtor.

Case No.11-73305-SCS
Chapter 11

_____

MOTION OF THE UNITED STATES TRUSTEE
TO DISMISS OR CONVERT THIS CASE AND SUPPORTING MEMORANDUM
_____

      W. Clarkson McDow, Jr., the United States Trustee for Region Four, by counsel, moves this Court to dismiss or convert this case. In support of his Motion, the U.S. Trustee states:

      1.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. A pending appeal of a bankruptcy decision does not deprive the bankruptcy court of jurisdiction over issues not involved in the appeal. *In re Taylor,* 198 B.R. 142 (Bankr. D.S.C. *1996)*(collecting cases). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

      2.    The statutory predicates for relief are 28 U.S.C. § 586(a)(3), 11 U.S.C. §§ 307, 1112 and Fed. R. Bank. P. 9014.

      3.    On July 21, 2011, the debtor filed a voluntary petition under Chapter 11, Title 11, U. S. Code.

      4.    The debtor is a debtor in possession, and no trustee has been appointed.

      5.    The Consent Order Conditioning Rights of Debtor in Possession was entered on September 6, 2011.

      6.    The Consent Order provides as follows:

      5. The debtor shall file with the Court, not later than the 15th of each month, a verified monthly report in compliance with the format established by the United States Trustee. The first report shall be due on September 15, 2011, and shall reflect all financial transactions for the period commencing with the date of filing and ending with the last day of August, 2011. Subsequent reports shall be due on the 15th of each month for the transactions conducted during the previous month. Financial statements for the months of April, July, October and January shall

Debera F. Conlon, Esquire, AUST, VSB No. 20837
Cecelia Ann Weschler, Esquire  VSB No. 28245
Kenneth N. Whitehurst, III, Esquire, VSB No. 48919
Office of the United States Trustee
Room 625, Federal Building
Norfolk, Virginia  23510
(757) 441-6012

include a copy of debtor's check reflecting payment of quarterly fees due to the United States Trustee. Copies of each monthly financial statement shall be transmitted to the United States Trustee and to each member of any Unsecured Creditors' Committee appointed herein.

Consent Order, ¶ 5.

    7.    The debtor has filed only one monthly report: on October 5, 2011, he belatedly filed the Monthly Report of Debtor In Possession for the Period July 21, 2011 to August 31, 2011. This report fails to itemize the debtor's expenditures and does not comply with the U.S. Trustee's format.

    8.    The debtor is delinquent in filing monthly reports for the months of September and October of 2011.

    9.    Upon information and belief, the debtor received an extension until October 15, 2011 to file his 2010 federal tax return, and he has not filed it. Upon filing the return, the debtor was to provide the United States Trustee with a copy of his tax returns, and he has not done so. *And see* Monthly Operating Report for July 21, 2011 to August 31, 2011 (indicating "2010 returns will be filed this month").

    10.    Shortly after filing, the debtor removed two actions from the Virginia Beach Circuit Court. The Bank of Hampton Roads ("the Bank") had sued Yoder, Mark C. France, and Down East Equity Partnership LLC ("Down East").[1] *Notice of Removal, docket entry 9 (July 27, 2011)*. The actions against the individuals are premised upon their guaranties of the entity's indebtedness to the Bank. Upon information and belief, the debtor filed his chapter 11 petition on three days before the trials of these actions in the Virginia Beach Circuit Court. Apparently, the primary relief the debtor seeks is to vitiate the loans.

    11.    The only unsecured debts the debtor lists are his obligations to the Bank of

---

[1] The removed actions are now pending in the following adversary proceedings:

11-07129-SCS *The Bank of Hampton Roads, successor in interest v. Down East Equity Partnership, LLC , Edward O. Yoder, and Mark C. France*: removing CL09-5166, Bank's suit against Down East Equity Partnership, LLC, Edward O. Yoder, Mark C. France; suit against individuals premised on commercial guaranties of indebtedness of Down East Equity Partnership, LLC: original promissory note made 8/17/06.

11-07131-SCS *The Bank of Hampton Roads, successor in interest v. Down East Equity Partnership, LLC et al*, removing CL09-5160: Bank's suit against Down East Equity Partnership, LLC, Edward O. Yoder, Mark C. France; suit against individuals based on commercial guaranties of Down East Equity Partnership, LLC's indebtedness: original promissory note made 2/27/06.

2

Hampton Roads as a guarantor of the debts of Down East. The debtor lists these claims as totaling $2,887,918.27.

12.    The debtor lists assets on Schedule B totaling $1,711,860.00, claiming $1,189,588.20 as exempt.[3]  He lists his net monthly income as $9771.72, with $20,000 in expenses, leaving a monthly budget deficit of -$10,828.28.  *See* Schedules I and J.

13.    The debtor lists real property valued at $1,025,000 on Schedule A, with related secured claims of $1,098, 823.

14.    The filing was motivated by a two-party dispute between the debtor and a creditor, the Bank, and, as such, was filed in bad faith.  It appears that the petition was filed solely to remove the state court actions to this Court.  The debtor's only apparent "plan" is to prosecute the litigation. The Virginia Beach Circuit Court remains a proper forum to resolve the debtor's dispute with the Bank, which involves questions of state law only.[4]

15.    Under section 1112 (b)(1) and (2), as now stated[5], if the movant establishes cause, the court shall dismiss or convert the case, or appoint a chapter 11 trustee, unless the court "finds and specifically identifies unusual circumstances establishing that converting or dismissing the

---

[2]  *See* Schedule F.  Two credit card companies have filed proofs of claim, but the debtor did not list these obligations.

[3] The bulk of the non-exempt property is secured.

[4] A plethora of questions are raised by the prospect of the debtor proposing and confirming a plan in this case.  As the only (or dominant) unsecured creditor, will the Bank block confirmation? Does the debtor contemplate keeping the substantial assets he has claimed exempt? If so, how does he propose to contend with the absolute-priority rule, if the court deems it applicable in this individual chapter 11 case? *See generally In re Maharaj*, 449 B.R. 484, 491–94 (Bankr. E.D.Va. 2011); *In re Mullins*, 435 B.R. 352, 359–61 (Bankr. W.D.Va. 2010)(both cases finding the rule survived BAPCPA).

[5]  Section 1112(b) was clarified by "technical amendments" effective December 22, 2010. *See* Bankruptcy Technical Corrections Act of 2010.  Pub.L. 111–327, 124 Stat. 3557 (Dec. 22, 2010). As a self-described technical amendment, the changes apply to cases pending and thereafter filed. *See Landgraf v. USI Film Products*, 511 U.S. 244, 277(1994)(finding that application of amended statute to pending cases is presumed unless such application would have "retroactive effect").

The "technical amendments" appear to have limited the "unusual circumstances" defense even more than originally stated. *In re Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707 (Bankr. D. Md. 2011)(explaining changes wrought by the technical amendments as follows: "[t]he change in statute eliminated the words in Section 1112(b)(1) "absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate ...," thus, making that defense no longer separately expressed as available to any action to dismiss or convert. The defense is now found solely in Section 1112(b)(2) and appears more limited in application.") *Id*. at 712-13.

3

case is not in the best interests of creditors and the estate, and the debtor establishes the specific circumstance set forth in subsections (b)(2) or (c).[6]

16.     Cause exists to dismiss or convert this case, including the following: failure to comply with an order of the court (§1112(b)(4)(E)); unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter (§1112(b)(4)(F)); failure timely to provide information or attend meetings reasonably requested by the United States trustee (§1112(b)(4)(H)); failure to file tax returns due after the date of the order for relief (§1112(b)(4)(I)); and bad faith in filing. *See generally In re Park*, 436 B.R. 811 (W.D. Va. 2010); *In re Paolini*, 312 B.R. 295 (Bankr. E.D. Va. 2004)(dismissing individual chapter 11 case for bad faith filing, because, *inter alia*, the bankruptcy was a two-party dispute between the debtor and his former employer, who were embroiled in litigation in federal district court in Idaho); *In re Schlangen*, 91 B.R. 834 (Bankr. N.D. Ill. 1988)(Chapter 11 case was to confer federal jurisdiction on what otherwise would be a two-party dispute involving issues of state law, and there was no likelihood that case would result in rehabilitation of debtor's business or orderly liquidation of her remaining assets).

17.     Although the debtor has appealed the order denying his application to employ counsel, the duties imposed upon him by the Consent Order remain, including the obligation to file monthly operating reports. As one court explained succinctly

> Timely and accurate financial disclosure is the life blood of the chapter 11 process. Monthly operating reports are much more than busy work imposed upon a Chapter 11 debtor for no reason other than to require it to do something.  They are the means by which creditors can monitor a debtor's post-petition operations....As such, their filing is very high on the list of fiduciary  obligations imposed upon a debtor in possession.

*In re Berryhill*, 127 BR. 427, 432 (N.D. Indiana 1991).

18.     To  avoid dismissal or conversion, the debtor must prove that:

 (a) there is a reasonable likelihood that a plan will be confirmed within the time frames expressed in section 1121(e) and 1129(e) or, if such sections do not apply, within a reasonable time;

(b) the grounds for converting or dismissing include an act or omission other than

---

[6] Section 1112(c) does not apply here. If the debtor is a farmer or corporation that is not a moneyed, business, or commercial corporation, the court may not convert the case to chapter 7, without the debtor's consent.

4

the cause set forth in section 1112(b)(4)(A)[7]; and

    (c) there is a reasonable justification for the act or omission which act or omission will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

    19.    Unless the debtor meets the burden imposed on him by section 1111(b)(2), the case must be converted or dismissed, as the best interest of creditors and the estate dictate.

    WHEREFORE, the United States Trustee requests that this Court dismiss or convert this case, whichever is in the best interest of creditors and the estate. If this case is converted to one under Chapter 7, the United States Trustee requests that the automatic dismissal provisions of the Local Rules not apply to this converted case, and that the debtor's failure to abide by the terms of the Conversion Order result in the issuance of an Order to Show Cause directed at the debtor. The United States Trustee requests such other and further relief as this Court shall deem appropriate and just.

    Respectfully submitted,

    W. Clarkson McDow, Jr.
    United States Trustee
    For Region Four

By:    /s/ Cecelia Ann Weschler

Debera F. Conlon
Assistant United States Trustee

Cecelia Ann Weschler
Trial Attorney

## CERTIFICATE OF SERVICE

    I certify that on December 6, 2011, service on all attorney users in the case was accomplished through the Notice of Electronic Filing, pursuant to CM/ECF Policy 9 of the United States Bankruptcy Court for the Eastern District of Virginia, Case Management/Electronic Case Files (CM/ECF) Policy Statement, Version 09/04/09.

    /s/ Cecelia Ann Weschler

---

[7] Section 11 U.S.C. § 1112(b)(4)(A) provides: "For purposes of this subsection, the term 'cause' includes—(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.